IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DALE TAYLOR, et al., )
 )
        Plaintiffs. )
 )
v. ) No. 04 C 6814
 )
CAROL ADAMS, et al., )
 )
        Defendants. )

MEMORANDUM ORDER

Two sets of Answers to the First Amended Class Action Complaint ("FAC") in this action have been filed by the same counsel--one on behalf of defendants Shan Jumper, Lea Chankin and Dentrall Dearbone to FAC Counts II, III and V and the other on behalf of defendants Jeff Clausen and Thomas Speaker to FAC Count V alone.[1] Because certain aspects of those responsive pleadings are problematic, and because the same counsel have set a June 1 presentment date for a partial motion to dismiss on behalf of defendants Clausen and Speaker (at which time the subject matter dealt with here may perhaps be discussed), this memorandum order is issued sua sponte to identify at least some of the problems posed by the pleadings.

To begin with, both Answers are chock full of responses to FAC allegations that begin this way:

---

[1] Attorney General Lisa Madigan has just filed still another Answer, this one on behalf of Carol Adams, Thomas Monaghan and Jack Graham, but this Court had not had the opportunity to review that response to see whether any sua sponte treatment is called for there as well.

> Objection; the allegations contained within this paragraph are compound, confusing, vague and are without any limitation in time and scope.

Even apart from the fact that nothing in Fed. R. Civ. P. ("Rule") 8(a) authorizes such editorial comment (or whatever the quoted language may represent), it often seems disingenuous. For example:

1. When a complaint speaks in the present tense, as is true of a great many allegations in the FAC, any purported criticism as to the "time and scope" of those allegations is obviously ill-founded.

2. Despite the charge of "confusing" and "vague" allegations, defendants most frequently evidence no difficulty in responding for themselves (something that also undercuts any objections as to "compound" allegations). And as to how those allegations impact other defendants, the pleading defendants can either respond similarly or, if they can do so in the objective good faith required by Rule 11(b), they can follow the disclaimer roadmap marked out in the second sentence of Rule 8(b).

In sum, it is often the quoted language rather than the FAC's allegations that may fairly be labeled as "confusing" and "vague." All of that quoted language is stricken (as are any variants on that language, but to the same effect).

Next, each Answer ¶22 reads mysteriously:

> Defendants adopt the above objections.

But what are the "above objections"? As framed, those answering paragraphs are meaningless, and they too are stricken. But this time (unlike the earlier stricken material, which is gone permanently) leave is granted to file appropriate amendments that really answer FAC ¶22 on or before June 9, 2006.

Finally for present purposes, both Answers are simply wrong in not responding to FAC Count IV because of a "forthcoming motion for summary judgment." To the contrary, the very contemplation of filing a Rule 56 motion is an affirmative reason for *requiring* an answer, for the entire purpose of a summary judgment motion (and the opposition to such motion) is to identify the presence or absence of genuine issues of material fact. Hence an answer to a complaint's allegations, which by definition identifies which of them are and which are not admitted, facilitates that determination (just as this District Court's LR 56.1 is intended to do). Accordingly both Answers must also be amended on or before June 9 by providing answers rather than silence as to the allegations of FAC Count IV.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 26, 2006